UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ralph Nader, et al. : | |
| v. : | Civ. No. 1:08-cv-00589-RMU |
| Democratic National Committee, : | Motion |
| et al. : | |

### **DEFENDANT DEMOCRATIC NATIONAL COMMITTEE'S MOTION TO DISMISS**

Defendant Democratic National Committee moves this Court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the Complaint, and as grounds therefore refers to the Memorandum in Support of Its Motion attached hereto and incorporated herein.

Dated: June 5, 2008                                    Respectfully submitted,

_____/s/_____
Joseph E. Sandler,
D.C. Bar No. 255919
John Hardin Young
D.C. Bar No. 190553
Stephen E. Hershkowitz
D.C. Bar No. 282947
Elizabeth F. Getman

SANDLER, REIFF & YOUNG, P.C.
300 M Street, S.E., Suite 1102
Washington, D.C. 20003
(202) 479-1111
(202) 479-1115 (facsimile)
young@sandlerreiff.com

Attorneys for Defendant
Democratic National Committee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph Nader, et al. | : | |
| v. | : | Civ. No. 1:08-cv-00589-RMU |
| Democratic National Committee, | : | Memorandum |
| et al. | : | |

# DEFENDANT DEMOCRATIC NATIONAL COMMITTEE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Democratic National Committee ("DNC") moves to dismiss this Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for the same reasons that *Nader v. Democratic National Committee*, No. 1:07-cv-02136-RMU, was dismissed, and *Nader v. McAuliffe*, 1:08-cv-00428-RMU should be dismissed as asserted in the pending motions to dismiss. The DNC's and former-DNC chairman Terry McAuliffe's motions to dismiss those complaints, respectively, are incorporated by reference. The DNC also relies upon the grounds of dismissal set forth by the other defendants in this and the other pending cases, particularly Defendant Raikin in *Nader v. McAuliffe* and Defendant Reed Smith in this case.

In short, the Plaintiffs' allegations of violations of 42 U.S.C. § 1983 and conspiracy to violate 42 U.S.C. § 1983 should be dismissed because the DNC is not a state actor, did not act under color of state law, and did not violate the Constitution. As such, Plaintiffs have not established a violation of Section 1983 and this Complaint should be dismissed. *See also* Defendant Raiken's Memorandum in Support of Motion to Dismiss, *Nader v. McAuliffe*, No. 1:08-cv-00428-RMU, Document 48-2 at 8-10.

**PROCEDURAL BACKGROUND**

This is at least the fifth complaint relying on the same facts and the fourth brought by Nader in this court, including the removed and transferred cases. First, the successful Pennsylvania ballot access challenge described in the Complaint at ¶¶ 73-100 was appealed to the Pennsylvania Supreme Court and the U.S. Supreme Court denied *certiorari*. *In re Nomination Paper of Ralph Nader*, 905 A 2d 450 (Pa. 2006), *cert. denied* 127 S. Ct. 995 (2007). Second, Plaintiff Nader has challenged the Pennsylvania decision in the D.C. Superior Court where the state court challengers have applied to enforce the Pennsylvania court's order. Compl. ¶¶ 97-98. Third, this Court has recently decided *Nader v. Democratic National Committee,* No. 1:07-cv-02136-RMU, Document 54 (D.D.C. Order filed May 27, 2008) (the "May 27th Opinion"), dismissing state law claims based upon the same facts and holding, in part, that it does not have the jurisdiction to review the Pennsylvania court's decision and the First Amendment protects the right to challenge ballot access petitions as alleged in the Complaint. Fourth, the Plaintiffs filed *Nader v. McAuliffe* in the Eastern District of Virginia, which was transferred to this court and contained the same allegations as *Nader v. Democratic National Committee* for which motions to dismiss are pending. *Nader v. McAuliffe*, No. 1:08-cv-00428-RMU, Document Nos. 47 and 48. Fifth, the Complaint in this case alleges the same facts and *Nader v. McAuliffe* alleges the same violation.

**FACTUAL ALLEGATIONS**

This Complaint makes general factual allegations about ballot access challenges to the Nader-Camejo ballot access petitions in various states and makes detailed factual allegations about the challenge in one state – Pennsylvania. Compl. ¶¶ 73-100. The Pennsylvania Commonwealth Court found that the Nader-Camejo campaign had not submitted sufficient

legitimate signatures to qualify for the Pennsylvania ballot. The Pennsylvania Supreme Court sustained the trial court's determination. The trial court also imposed costs on the Plaintiffs Nader and Camejo, the Pennsylvania Supreme Court affirmed that decision, and the United States Supreme Court denied *certiorari*. *See* Reed Smith's Motion to Dismiss in this case and in *Nader v. Democratic National Committee*, No. 1:07-cv-02136-RMU, Document 31-2 at 1-8, for a full description of the litigation. Mr. Nader failed to comply with the Pennsylvania court's order. The ballot access challengers filed an action in the D.C. Superior Court, *Serody v. Nader*, No. 2007-003385 F (D.C. Sup. Ct. 2007), to require Mr. Nader to comply with the Pennsylvania court's order, and the court entered the Pennsylvania judgment. *Id.* at 6. When Mr. Nader failed to comply, the Pennsylvania challengers garnished Mr. Nader's bank accounts. *Id.* at 7. He filed a belated motion for relief from the Pennsylvania judgment for the same reasons alleged in the complaints before this Court. *Id.*

This Complaint alleges two Constitutional violations based on the Pennsylvania litigation: that the Defendants used the ballot access challenges "to bankrupt the Nader-Camejo Campaign and force Mr. Nader and Mr. Camejo from the 2004 presidential election, thereby denying voters the choice of voting for them." Compl. ¶¶ 108 and 114.

## ARGUMENT

### DEFENDANT DEMOCRATIC NATIONAL COMMITTEE IS NOT A STATE ACTOR AND DID NOT ACT UNDER COLOR OF STATE LAW.

The May 27th Opinion describes the standard for a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) applicable to this case.

The Complaint alleges a violation of 42 U.S.C. § 1983 and a conspiracy to violate 42 U.S.C. § 1983. "To state a claim under section 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the

defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 290 U.S. App. D.C. 142, 935 F.2d 308, 312 (D.C. Cir. 1991). As described in defendant McAuliffe's Memoranda in Support of Motion to Dismiss in *Nader v. McAuliffe*, No. 1:08-cv-00428-RMU, Documents 47-2 and 51, private parties such as the Defendants and their alleged private co-conspirators are not capable of violating 42 U.S.C. § 1983 because this statute only applies to actions by the states that violate an individual's constitutional rights. These allegations have already been litigated and dismissed, albeit by a different Nader supporter in a different court, and the DNC and the other defendants were not found to be state actors or acting under color of state law.

In *Fulani v. McAuliffe*, 2005 U.S. Dist. LEXIS 20400 (S.D.N.Y. Sept. 19, 2005), the plaintiffs alleged that the DNC, Terry McAuliffe and others "conspired to keep Ralph Nader ("Nader") and Peter Camejo ("Camejo") off of the ballot in states across the country as independent candidates for the offices of President and Vice President of the United States" in the 2004 election in violation of 42 U.S.C. §§ 1983 and 1985. *Id.* at *3.[1] The court found that

---

[1] The alleged facts in *Fulani* are remarkably similar to the allegations here: "According to Plaintiffs, in early 2004, once Mr. Nader declared his intention to run for President, Defendants began a concerted, organized conspiracy to 'prevent Nader from obtaining a line on the ballot in as many states as possible, and, thereby, impede the development' of a third national political party. Plaintiffs allege that: (1) Defendant McAuliffe issued public statements 'about the importance of eliminating Nader as a factor' in the election; (2) Defendant Jones 'orchestrated a paid media and propaganda campaign' to combat Nader-Camejo's efforts at ballot access; (3) Defendant Moffet coordinated a national plan to "drain [Nader's] resources" and trained lawyers to help in that effort; (4) Defendant Clifford announced that he was commencing a criminal investigation of persons collecting Nader-Camejo petition signatures in West Virginia; (5) Defendant McGraw announced that he would file a lawsuit challenging the Nader-Camejo petition in West Virginia; (6) Defendant Merrick caused the Nader-Camejo nominating caucus in Portland to be crowded with Democratic activists, thus preventing Nader-Camejo from reaching the required 1000 supporter threshold; (7) Defendant Madigan directed government workers to challenge the Nader-Camejo petition in Illinois; (8) various defendants persuaded the Michigan Secretary of State not to recognize Nader-Camejo as the 2004 Reform Party candidates; (9) various defendants caused an organization called Citizens for Ethics and Responsibility in

4

section 1983 does not create a right in of itself but "merely provide[s] remedies for deprivations of rights established elsewhere." *Id.* at *8-9; *see Albright v. Oliver,* 510 U.S. 266, 271 (1994); *United Bhd. of Carpenters and Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 833 (1983). Access to that remedy, however, requires that the Plaintiff establish first that a right exists, and second, that he has been deprived of that right. *See Fulani*, 2005 U.S. Dist. LEXIS 20400 at *8-9 (The plaintiff must "establish with specificity the rights of which he has been deprived"); *Albright,* 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.").

Plaintiffs have not, however, identified a specific constitutional right that has been affected by Defendants' actions. The Court in *Fulani* found that "'merely resorting to the courts and being on the winning side of a [ballot access] lawsuit does not make [the Defendants]' responsible for depriving a plaintiff of his rights." *Fulani*, 2005 U.S. Dist. LEXIS 20400 at *11 n.4 (quoting *Dennis v. Sparks,* 449 U.S. 24, 28 (1980)). Thus, the Defendants' alleged use of "State election law to impede the Nader/Camejo candidacy and violate Plaintiffs' equal protection rights" does not establish that Defendants have violated any right belonging to the Plaintiffs. *Id.* at *11 (citation omitted).

The court further explained that, under section 1983, "a plaintiff must not only allege a deprivation of a federal right, privilege or immunity, but must allege that the deprivation was attributable, at least in part, to a person acting under color of state law." *Id.* at *17. Plaintiffs claim that the Defendants and their co-conspirators became state actors when they allegedly

---

Washington to file complaints with the Federal Election Commission ("FEC") against Nader-Camejo; and (10) Democratic Party lawyers and operatives generally reviewed Nader-Camejo nominating petitions 'with a fine tooth comb' and instituted challenges against the petitions in Arizona, Colorado, Illinois, Iowa, Maine, Michigan, Missouri, Nevada, New Jersey, New Mexico, Oregon, Pennsylvania and Wisconsin." *Fulani*, 2005 U.S. Dist. LEXIS 20400 at *5-6 (citations omitted).

engaged in joint activity with state officials. *See id.* (quoting *Dwares v. New York*, 985 F.2d 94, 98 (2d Cir. 1994) ("A private actor may be subject to liability under § 1983 if he or she willfully collaborated or conspired with an official state actor in the deprivation of the federal right.")). The mere allegation that various state officials -- state court judges, secretaries of state and state attorneys with responsibility to see that the state's statutes were enforced -- considered the ballot access cases does not, however, satisfy the "acting under color of state law" requirement because the "public official [is] entitled to qualified immunity where acting reasonably within discretionary function of official responsibilities." *Id.* at *11 (quoting *Hope v. Pelzer,* 536 U.S. 730, 739 (2002)).[2] Rather, the state action principle applies only when "it can be said that the [government] is *responsible* for the specific conduct of which the plaintiff complains." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 632 (1991) (O'Connor, J., dissenting) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). The finding of a state action requires an inquiry into whether "there is a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the state itself." *Blum*, 457 U.S. at 1004 (citation omitted).

As Defendants have argued in previous court filings in *Nader v. McAuliffe*, merely filing civil complaints is not acting under color of state law nor does it supply the "sufficiently close nexus" to state action that is required for a violation under section 1983. *See* Defendant McAuliffe's Memorandum in Support of Motion to Dismiss, No. 1:08-cv-00428-RMU, Document 47-3 at 6-10 and Document 51 at 8.-10. Nor does "a private party's mere invocation of state legal procedures constitute[ ] 'joint participation' or 'conspiracy' with state officials

---

[2] Because the Defendants are alleged to have filed challenges with state officials and judges to take action in all of the ballot access cases and the federal officials in the FEC action, the Defendants are protected by the *Noerr-Pennington* doctrine. *See* May 27th Opinion at 22-31.

satisfying the § 1983 requirement of action under color law.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 n.21; *see also Dennis v. Sparks,* 449 U.S. at 28. ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").[3]

The various state legislative employees identified in the Complaint appear to be employees of state legislatures who allegedly assisted the alleged co-conspirators to draft ballot access challenges. None are alleged to have a state job related to drafting ballot access challenges or to assisting ballot access challengers. Rather, their alleged state responsibility was to participate in the legislative function of the state legislature, and not to act as agents of the state when they allegedly assisted in the drafting of the ballot access challenges. Persons who happen to be employed by state legislatures do not perform a state function when they are performing acts outside of their state responsibilities, such as drafting civil complaints, or participating with other individuals (even if they are both supporters of a local Democratic Party) in actions that are not a state function.

In sum, because the allegations do not support the claim that Defendant Democratic National Committee was a state actor or acted under color of state law or violated the Constitution, Plaintiffs do not state a cause of action under Section 1983 or a conspiracy to violate Section 1983.

---

[3] Defendant DNC incorporates arguments set forth in previous court filings in *Nader v. McAuliffe* addressing the claims of the alleged conspiracy between Defendants and the state court judges in Pennsylvania. *See* Defendant McAuliffe's Memorandum in Support of Motion to Dismiss, No. 1:08-cv-00428-RMU, Document 47-3 at 9-10.

7

**CONCLUSION**

In view of the above, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b).

June 5, 2008

Respectfully submitted,

_____/s/_____
Joseph E. Sandler,
D.C. Bar No. 255919
John Hardin Young
D.C. Bar No. 190553
Stephen E. Hershkowitz
D.C. Bar No. 282947
Elizabeth F. Getman
SANDLER, REIFF & YOUNG, P.C.
300 M Street, S.E., Suite 1102
Washington, D.C. 20003
(202) 479-1111
(202) 479-1115 (facsimile)
young@sandlerreiff.com


Attorneys for Defendant
Democratic National Committee

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| Ralph Nader et al., | : | | |
| | : | | |
| Plaintiffs, | : | Civil action No.: | 08-589 (RMU) |
| | : | | |
| v. | : | Document Nos.: | |
| | : | | |
| Democratic National Committee et al., | : | | |
| | : | | |
| Defendants. | : | | |

# ORDER

## GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this   day of      , it is hereby

**ORDERED** that the defendants' motions to dismiss are **GRANTED**.

**SO ORDERED**.

_____
RICARDO M. URBINA
United States District Judge