**EXHIBIT G:**

**JUDY REARDON EMAIL AND ATTACHMENT**

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Monday, June 19, 2006 10:14 PM
**Subject:** Reardon Email

----- Original Message -----
From: "Martha Van Oot" <mvo@orr-reno.com>
To: <mvanoot@comcast.net>; <nhhones@comcast.net>; <jreardon@johnkerry.com>; <matkins@lawyersnh.com>; "Emily G. Rice" <egrice@orr-reno.com> ; <burt@petrucellynadleresq.com>; <mhonigberg@sulloway.com> ; <mja@tellink.net>; <KSullivan@wadleighlaw.com>
Cc: <jreardon@comcast.net>
Sent: Sunday, September 12, 2004 10:28 AM
Subject: Re: Nader

Attached are my hand-written edits (I can't do red-lining without technical assistance. Great job, Judy. Marty

> "Judy Reardon" <jreardon@johnkerry.com> 09/12/04 09:50AM >>>

If you are using your home email rather than work, please also email me at judyreardon@comcast.net. My John Kerry email blocks email from addresses it does not recognize, and there is a significant delay before it notifies me that it has done that. I suspect that's what happened to Mike's two emails yesterday.

Judy Reardon
Kerry-Edwards 2004
603-396-0106 cell


Marty Van Oot
Orr & Reno, P.A.
One Eagle Square
P.O. Box 3550
Concord, NH  03302
(603) 223-9156 (direct line)
mvo@orr-reno.com
(603) 224-2381 (telephone)
(603) 224-2318 (facsimile)

--

6/19/2006

*[handwritten margin note: (collectively referred to herein as "Challengers")]*

[ State of New Hampshire ] *all caps*

Ballot Law Commission

No. ____

**Challenge of Kathleen N. Sullivan, Hazel R. Tremblay, Dorie M. Gizzard and Brian Farias to Ralph Nader Nomination Papers**

~~NOW COMES~~ Kathleen N. Sullivan, Hazel R. Tremblay, Dorie M. Gizzard, and Brian Farias by ~~and through~~ their counsel, ~~and hereby~~ challenge pursuant to N.H. RSA 655:44 the nomination papers filed by representatives of the Ralph Nader for President Campaign with the New Hampshire Secretary of State on September 3, 2004.

1. Kathleen N. Sullivan is a registered voter in the City of Manchester and chair of the New Hampshire Democratic State Committee. Hazel R. Tremblay is a registered voter in the City of Manchester who was fraudulently induced into signing a nomination paper for Ralph Nader. Dorie M. Gizzard is a registered voter in the City of Nashua who was fraudulently induced into signing a nomination paper for Ralph Nader. Brian Farias is a registered voter is the City of Keene whose signature was forged on to a nomination paper for Ralph Nader ("Nader").

2. On or about June 9, 2004, Ralph Nader filed a declaration of intent to be a candidate for president with the New Hampshire Secretary of State pursuant to N.H. RSA 655:17-b.

3. On September 3, 2004 representatives of the Ralph Nader for President campaign filed with the Secretary of State approximately 1,784 nomination papers purportedly signed by duly registered voters in New Hampshire's Congressional District 2 and approximately 2,042 nomination papers purportedly signed by duly registered voters in New Hampshire's Congressional District 1.

- The same voter signed a nomination paper for both Mr. Nader and another candidate for president[2];

- The voter was misled by the circulator of the nomination papers about the nature of the document they presented to be signed;

- The purported signer does not live at the address written on the nomination paper;

- The signature on a nomination paper was forged.

8. Challengers' investigation is continuing. Challengers on Friday September 10, 2004, received copies of 77 of the 85 voting registration cards they had requested in order compare the signatures on those cards to the ones appearing on Nader nomination papers.[3] Challengers' representatives diligently continue to attempt to contact the persons named on the remaining 842 nomination papers from Congressional District 2, as well as the persons whose names appear on Nader nomination papers from Congressional District 1.

9. At the hearing on this matter, the Challengers will present the evidence to prove that Nader will not have enough valid petitions to qualify for a place on the general election ballot.

10. It must be noted that most City Clerks and Town Supervisors of the Checklist only check nomination papers to see if the name on the nomination paper matches up with the name on the local voter registration list. That necessarily cursory check eliminated many of Nader's petitions.[4] Few, if any, local election officials check to see if the signature on the nomination paper is the same as the signature on the voter's voter registration card. Thus, the only safeguard

---

[2] Pursuant to RSA 655:40, "No voter shall sign more than one nomination paper for each office to be voted for..."; See also RSA 659:17(I). (If a voter votes for more than the stated number of candidates, the vote will not be counted.)

[3] Challengers have been advised that the other voter registration cards they requested no longer exist.

[4] More than one-third of the nomination papers submitted by the Nader campaign to local election officials failed to contain the name of a voter whose name even appeared on the town's voter registration list. Representatives of the Nader campaign have stated that they submitted approximately 5,800 number of nomination papers. Concord

3

4. Under RSA 655:42, a candidate for president through the nomination papers process must submit valid nomination papers from 1,500 duly registered voters in each of New Hampshire's two congressional districts.

5. As a result of the number of invalid nomination papers, dishonesty in the collection of Nader nomination papers, unlawful assertion on Nader's nomination papers that he is a candidate of the fictitious "Independent Party", and failure of Nader to include the name of his designated vice-presidential running mate on his nomination papers or file nomination papers on her behalf, the Ballot Law Commission should disqualify Nader from appearing on the New Hampshire general election ballot as a candidate for president of the United States.

I. Nader Has Filed an Insufficient Number of Valid Nomination Papers

6. On information and belief, Ralph Nader has filed an insufficient number of valid nomination papers to be on the general election ballot.

7. Representatives of the Challengers as of this date have made contact with 942 of the voters whose names appear on the 1,784 nominating papers purportedly signed by duly registered voters in Congressional District 2.[1] Challengers have reason to believe that 167 of the 942 (or 17.7 percent) of these nomination papers should be disqualified because they fall into one of the following categories of irregularities:

- The same name had been certified by the local election officials on another nomination paper for Nader;

---

[1] Challengers were only able to obtain copies of almost half of the Congressional District 2 nomination papers filed by the Nader campaign ten days ago. Challengers were only able to obtain copies of half of the Congressional District 1 nomination papers six days ago.

2

for preventing forged Nader nomination papers from being accepted by the State of New Hampshire is the work done on behalf of the challengers. Local election officials also do not, nor would it be reasonably expected of them to, make any inquiry as to whether a voter was deceived into signing a nomination paper. Moreover, local election officials do not necessarily know whether a person whose name appears on the nomination paper has moved out of the voting precinct.

11. Based on the review of Nader nomination papers by challengers' representatives, the challengers do not believe Mr. Nader has filed a sufficient number of valid nomination papers to qualify for New Hampshire's general election ballot.

## II. Dishonesty in the Collection of Nomination Papers for Ralph Nader Disqualifies Nader from the New Hampshire Ballot

12. The Nader nominating paper circulation process is tainted by misrepresentation, forgery, and dishonesty.

13. Numerous New Hampshire voting citizens living throughout the State of New Hampshire had their signatures forged on nomination papers for Mr. Nader.

14. Circulators of nomination papers for Nader intentionally and systematically engaged in the practice of making false statements about the nature of the documents they were asking New Hampshire voters to sign. For example, Challenger Hazel R. Tremblay was falsely led to believe she was signing a petition to do away with the requirement that undeclared voters must re-register after voting in a primary to retain their unaffiliated status. Attached hereto as Exhibit A "See Affidavit of Hazel R. Tremblay". Challenger Dorie M. Grizzard was asked to sign a petition to help the Democratic Party.

---

Monitor, August 12, 2004, "Naderites Defend Momentum." Only 3,826 were certified by local elections officials as containing the name of a registered voter and filed with the Secretary of State.

4

17. Dozens of interviews with registered voters whose nomination papers have been filed by the Nader campaign have already told the challengers that they did not know that what they were signing were nomination papers for Nader, stating, for example, that the nomination papers they were being asked to sign were for the "Independent Party" or that they were for an "independent candidate" without ever mentioning Mr. Nader's name. Carol D. Merrow of Nashua, for example, was told that the paper she was signing "was to put the Independent Party on the ballot for Primary voting, which I firmly approve of." Ms. Merrow's affidavit is attached hereto as Exhibit B.

18. Moreover, more than once circulator of Nader nomination papers presented the papers to voters in such a way as to cover the top one-third of the form, thus hiding the name of Ralph Nader. See Exhibit A.

19. Mr. Nader should be held accountable for the dishonesty in the collection of his nomination papers and should be disqualified from appearing on the New Hampshire general election ballot. See <u>Nelson v. Morse</u>, 91 NH 177 (1940). ("The Commissioners ruled that signatures to the nomination papers obtained by the dishonesty of the petitioners or their agents were not to be counted in making the necessary number. This ruling was correct. The principle that fraud vitiates whatever is done under its influence, inheres in the statute, and fraud lies in silence or concealment which constitutes dishonesty as well as in actual misrepresentations.")

III. The Unlawful Assertion on the Nader Nomination Papers that He Is a Candidate of the Fictitious "Independent Party" Disqualifies Mr. Nader from the New Hampshire Ballot.

20. RSA 655:40 mandates that all nomination papers submitted for a candidate who seeks to have his or her name placed on the ballot for the New Hampshire general election, "...shall contain the name and domicile of the candidate, the office for which the candidate is

nominated and **the political organization or principles the candidate represents.**" (emphasis added). Contrary to this clear directive, the nomination papers of ~~Ralph~~ Nader not only fail to meet the ~~above-noted~~ statutory mandate but are also misleading and falsely represent that ~~Mr.~~ Nader is a candidate of the "Independent Party," a "party" that does not exist in the State of New Hampshire.

19. No political party can be placed on the ballot in New Hampshire unless said party has previously satisfied the statutory requirements established either in RSA 652:11 or RSA 655:40-a, RSA 655:40-b, and RSA 655:42. Nader's nomination papers, however, expressly assert that he is "a candidate of the Independent Party". See Exhibit C attached.[a] There is no "Independent Party" recognized under the State of New Hampshire election laws.

20. Moreover, there is no "political organization" known as the Independent Party that exists in New Hampshire. In contrast, there are other active political groups in New Hampshire, such as the "New Hampshire Green Party,"[5] the "Libertarian Party of New Hampshire,"[6] and the "New Hampshire Constitution Party."[7]

21. On information and belief, there is no national political organization known as the Independent Party, again a contrasted with the Green Party, Libertarian Party, and Constitution Party.

22. Asserting on his nomination papers that Nader is a "candidate of the Independent Party" misleads the voter who is asked to ~~sign one.~~ those papers.

[margin note: a copy of Nader's nomination papers is so, a true and accurate copy of Nader's nomination papers is attached as Exhibit C.]

---

[5] See the New Hampshire Green Party's website, www.nhgreens.org, which contains its bylaws and other information about its activities in New Hampshire.
[6] See the Libertarian Party of New Hampshire's website, www.lpnh.org, which contains its statement of principles, officers and other information about its activities in New Hampshire.
[7] See the New Hampshire Constitution Party's website, www.nhconstitutionparty.org, which contains its bylaws, officers and other information about its activities in New Hampshire.

6

23. New Hampshire has a statutory process that enables a candidate to appear on the New Hampshire ballot under the banner of a political organization that does not meet the RSA 652:11 requirements for a party. See RSA 655:40-a, RSA 655:40-b, and RSA 655:42, III. If Mr. Nader wished to be on the New Hampshire ballot as the candidate of the Independent Party, Mr. Nader could have pursued this option. Mr. Nader chose not to do so.

24. If Mr. Nader is permitted to have his name listed on the general election ballot as a candidate of the "Independent Party," he will have been allowed to open a new back door for a candidate or a party to circumvent the New Hampshire statutory limitations on the recognition of political parties established by RSA 652:11 and the requirements for a political organization to get on the ballot as set forth in RSA 655:40-a, RSA 655:40-b, and RSA 655:42, III, simply by placing whatever political party name they wish on the candidate's nomination papers. This precedent would allow *any* candidate to list *any* party he or she wishes on their nomination papers and thereby circumvent what the New Hampshire legislature has instructed are limitations on official recognition of political parties.

25. At this time, it appears that Mr. Nader is not affiliated with a political party.[8] Accordingly, he should have listed on his nomination papers the fact that he was unaffiliated or undeclared[9] and he should have identified the principles he represents, as required by New Hampshire law.

26. Because Mr. Nader failed to accurately reflect his status on his nomination papers, he is ineligible to have his name on the New Hampshire ballot.

---

[8] Mr. Nader sought and failed to win the nomination of the national Green Party and sought and accepted the nomination of the national Reform Party. He is expected to be on the ballot as the Reform Party nominee for president in seven states. See the August 29, 2004 Washington Post article, "Reform Party Reaffirms Nader Is Nominee," attached hereto as Exhibit D. This anomaly could sow additional confusion among voters and further upset the statutory scheme noted above.

[9] In New Hampshire, voters who do not wish to be registered as members of parties recognized under RSA 652:11, are "undeclared" voters, not independent voters. RSA 652:16-a.

7

### IV. The Failure of Mr. Nader To Include the Name of His Designated Vice-Presidential Running Mate on His Nomination Papers or File Nomination Papers on Her Behalf Disqualifies Mr. Nader From Appearing On The New Hampshire Ballot.

27. RSA 655:42, I expressly requires a person seeking to be on the New Hampshire ballot as a candidate for vice president through the nomination paper process to file valid nomination papers with the Secretary of State. ("It shall require the names of 3,000 registered voters, 1,500 from each United States congressional district in the state, to nominate by nomination papers a candidate for president, vice-president, United States senator, or governor.") ("Pierce")

28. Mr. Nader's designated Vice-Presidential running mate, Jan Pierce (see Exhibit D), did not file her own nomination papers with the Secretary of State nor did Mr. Nader's nomination papers (Exhibit C) list Ms. Pierce as his running mate. Thus, Ms. Pierce has failed to qualify as a candidate in New Hampshire.

29. Mr. Nader's attempt to be placed on the New Hampshire ballot will engender even further confusion among New Hampshire voters because he has actually designated a *different* vice presidential candidate in those states in which Mr. Nader will appear on the ballot as the official nominee of the Reform Party, his vice-presidential running mate will be listed as Peter Camejo (Exhibit E). In several other states where Mr. Nader is seeking to be on the ballot through a state's nominating process, Mr. Camejo is again his designated running mate.[10]

30. Thus, this Commission must also review the further confusion that would be created if Mr. Nader's name is allowed to be placed on the ballot in New Hampshire with NO vice presidential candidate, or if the vice presidential candidate in New Hampshire is a different person than the vice presidential candidate whom Nader has listed in other states.

---

[10] See the June 22, 2004 Washington Times article, "Nader picks Camejo as running mate," attached hereto as Exhibit F, and a September 4, 2004 Fairbanks Daily News-Miner article, attached hereto as Exhibit G. See also Mr. Nader's official campaign website, www.votenader.org, which contains his official campaign logo: NADER/CAMEJO 2004.

8

33. New Hampshire's election laws clearly contemplate that a candidate for president can only appear on the New Hampshire ballot in tandem with a vice-presidential running mate. RSA 656:4 ("the names of a party's candidates for president and vice-president shall be printed thereon under the designation for 'President and Vice-President of the United States.'"); and RSA 656:8 ("Directly at the right of the name of each candidate there shall be a square; except that, in the case of president and vice-president of the United States, one square shall suffice which shall be placed opposite the designation "President and Vice-President of the United States'.")

34. Moreover, Mr. Nader's nomination papers fail to mention who his vice-presidential running mate is (Exhibit C). New Hampshire's election laws contemplate that a candidate for president seeking to be on the ballot via the nomination paper process will state the name of "his vice presidential candidate" on his nomination papers. RSA 655:19-a ("a single fee of $250 for himself and his vice presidential candidate"). Compare Mr. Nader's nomination papers to those of the "Libertarian Party Organization" candidate for president, Michael Badnarik, which list Mr. Badnarik's vice-presidential running mate, Richard Campagna. See Exhibit H, attached hereto.

35. Because New Hampshire's election laws do not allow Mr. Nader to run as a solo candidate for President and no nomination papers were filed for his designated running mate, Mr. Nader's name cannot appear on the general election ballot.

WHEREFORE, Challengers Kathleen N. Sullivan, Hazel R. Tremblay, Darle M. Gizzard, and Brian Farias respectfully request that the Ballot Law Commission:

    A.    Hold a hearing on this Objection on September 24, 2004 pursuant to RSA 665:5;

    B.    Disqualify Ralph Nader from appearing on the New Hampshire general election ballot as a candidate for president of the United States; and

    C.    Grant such further relief as is just and proper.

9

Respectfully submitted,

KATHLEEN N. SULLIVAN, HAZEL R. TREMBLAY, DORIE M. GIZZARD and BRIAN FARIAS,

~~Martha Van Oot~~

Dated: Sept. 13, 2004

By their Attorneys

~~Emily B. Rice~~

_____

### Certificate of Service

by first class mail.

I hereby certify that a copy of this Challenge has been forwarded to Aaron Rizzio, New Hampshire representative for the Nader for President Campaign, and to the Nader for President 2004 General Election Committee.

Dated: Sept. 13, 2004

_____

Martha Van Oot
Emily G. Rice
ORR & RENO, PA
One Eagle Square
Concord, NH 03301
(603) 224-2381

10

**EXHIBIT H:**

**LAWYERS FOR KERRY SIGN-UP FORM**

# Lawyers and Law Students for Kerry-Edwards

First name*

Last name*

Address 1

Address 2

City

State

Zip

Phone

Cell Phone

Email*

---

Are you a Lawyer?

○ Yes

○ No

States Licensed to Practice Law:

Employer

Law School Attended:

---

Are you a Law Student?

○ Yes

○ No

Current Law School

Submit

We may provide your contact information to the Democratic National Committee for ballot protection efforts.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2008, I electronically served a copy of the foregoing Affidavit by means of the Court's CM/ECF system upon the following parties:

Joseph E. Sandler
D.C. Bar No. 255919
John Hardin Young
SANDLER, REIFF & YOUNG
50 E Street, S.E. #300
Washington, D.C. 20003

*Attorneys for Defendant Democratic National Committee*


Mark E. Elias
D.C. Bar No. 442007
PERKINS COIE
607 14th St., N.W.
Washington, D.C. 20005

*Attorneys for Defendants Kerry-Edwards 2004, Inc. and Senator John Kerry*


Douglas K. Spaulding
D.C. Bar No. 936948
REED SMITH, LLP
1301 K Street N.W.
Suite 1100 – East Tower
Washington, D.C. 20005

*Attorneys for Defendant Reed Smith, LLP*

/s/ Oliver B. Hall
Oliver B. Hall