UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RALPH NADER, et al.,

    Plaintiffs,

v.

THE DEMOCRATIC NATIONAL
COMMITTEE, et al.,

    Defendants.

Civil Action No.: 1:08-cv-00589-RMU

**DEFENDANT REED SMITH'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS**

The application of *res judicata* bars Plaintiffs' action. Moreover, settled legal principles demonstrate that Plaintiffs' allegations under the Constitution and federal statutes are insufficient to state a claim. Finally, application of the *Noerr-Pennington* doctrine and the statute of limitations require dismissal of Plaintiffs' Complaint. Accordingly, the Court should grant Reed Smith's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    ARGUMENT**

    **A.    The *Res Judicata* Doctrine Bars All Claims in the Complaint.**

        **1.    The Court's May 27, 2008 Decision Did Not Reserve Judgment on Claims Stating a Different Legal Theory.**

Nowhere in the Court's May 27, 2008 Memorandum Opinion did the Court reserve judgment on the issues that Plaintiffs present in this action. Plaintiffs cite footnote 19 of the Opinion for the proposition that the Court reserved judgment on the claims in this case. *See Nader v. The Democratic Nat'l Committee*, Civ. Act. No. 07-2136-RMU, __ F. Supp. 2d __, 2008 WL 2174238, Mem. Op. Granting Defs.' Mots. to Dismiss, slip op. at 31 n.19 (D.D.C. May 27, 2008) (hereinafter "*Nader*, No. 07-2136-RMU"). In that footnote, however, the Court

merely states that it is dismissing the entirety of Plaintiffs' Complaint, including their allegations of harassment and sabotage, noting that Plaintiffs failed to tie these allegations to any underlying tort. *See id.* The Court did not explicitly or implicitly reserve consideration of any legal claim tied to such allegations.

Regardless of the legal theory that Plaintiffs proffer in this action, the Court's May 27 Order is *res judicata* to the claims in this action because Plaintiffs rely on the same operative facts. As described in Reed Smith's Memorandum, *res judicata* bars not only the relitigation of claims that Plaintiffs raised previously, but also of claims that "*could have*" or "*should have*" been raised in Plaintiffs' earlier suit. *Sieverding v. Am. Bar Ass'n*, 439 F. Supp. 2d 111, 115 (D.D.C. 2006) (Urbina, J.); *Nat'l Resources Def. Council v. EPA*, 513 F.3d 257, 261 (D.C. Cri. Jan. 22, 2008); Reed Smith's Mem. in Supp. of its Mot. to Dismiss at 7-8. As this Court noted recently in another case, "final judgment on the merits in one action bars any further claim based on the same 'nucleus of facts,' 'for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, *not the legal theory upon which a litigant relies.*'" *Brown v. Paulson*, 541 F. Supp. 2d 379, 384 (D.D.C. Apr. 1, 2008) (Urbina, J.) (quoting and relying on *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)) (emphasis added, internal quotations omitted).

> 2.   ***Res Judicata* Precludes Plaintiffs' Claims Despite Their Supposed Discovery of "New" Facts.**

Plaintiffs argue that *res judicata* does not bar the claims in this action because "facts on which Plaintiffs' Complaint relies were discovered in December 2007, *after* Plaintiffs filed the [07-2136] action." Pls.' Opp'n at 18. Plaintiffs assert that they learned only after they filed the previous action that volunteers that worked on the nomination paper challenges received taxpayer-funded bonuses. Plaintiffs assert that their discovery of this "new" "material fact"

means that their claims are not barred, because they allegedly did not have an opportunity to bring their claims under 42 U.S.C. § 1983.[1] *Id.* at 18-19 (citations omitted). Precedent directly undercuts Plaintiffs' argument.

The District of Columbia District Court addressed this precise issue in *Hobley v. KFC U.S. Props., Inc.*, 2007 U.S. Dist. LEXIS 7203, *2 (D.D.C. Feb. 1, 2007). The *Hobley* court held that the claim preclusion principles of *res judicata* bar a subsequent suit that is based on the same nucleus of facts, even where, as here, the plaintiff alleges a "'new' fact," which, in actuality, merely provides further support for the earlier allegations. In *Hobley*, a former employee filed several complaints against the defendant based upon the same nucleus of facts, all of which the court dismissed. The plaintiff then filed another action, under different legal theories. In the earlier actions, the plaintiff alleged that the defendant had falsely told authorities that the plaintiff stole funds that were missing. In the later complaint, the plaintiff asserted that he had a "new" fact, namely that the bank had received the missing deposit. The plaintiff asserted that the new fact proved that the defendant's statement to the authorities was false. The *Hobley* court held that the "new" fact did not affect the *res judicata* bar, and the court dismissed the case "pursuant to Federal Rule of Procedure 12(b)(6) as barred by the doctrine of res judicata." *Id.*

Like in *Hobley*, Plaintiffs here allege that they have a "new" fact that renders the *res*

---

[1] It is remarkable that Plaintiffs claim that they elected previously to drop the federal claims and later file this action "to promote judicial economy and to avoid unnecessary motions practice." Pls.' Opp'n at 5-6. Plaintiffs have (i) filed a case in D.C. Superior Court asserting state and federal claims, (ii) filed a separate case in the Eastern District of Virginia asserting federal claims, (iii) dropped the federal claims in an Amended Complaint in D.C., and then (iv) rather than consolidate the Virginia Complaint with the first D.C. action, filed the instant action in this Court. Plaintiffs' unorthodox approach has resulted in removal, a motion to remand, papers withdrawing the remand motion, a motion to amend, motions to transfer, a hearing in federal court in Virginia, a Memorandum Opinion and Order by that Court, three rounds of Rule 12(b)(6) motions (by multiple defendants), this Court's consideration for its May 27 Memorandum Opinion and Order, as well as consideration of the instant motion before the Court. Rather than promote judicial economy, Plaintiffs have engaged in the "serial forum-shopping and piecemeal litigation" that the doctrine of *res judicata* is meant to prevent. *Brown v. Paulson*, 541 F. Supp. 2d 379, 383-84 (D.D.C. Apr. 1, 2008) (Urbina, J.) (citations omitted).

*judicata* doctrine inapplicable. Pls.' Opp'n at 18-19 (arguing "newly discovered material facts"). However, like in *Hobley*, Plaintiffs' "new fact" is not a departure from the same nucleus of facts upon which Plaintiffs' first claims were based. *Hobley*, 2007 U.S. Dist. LEXIS 7203, at *1-2. Instead, the "new" fact is, at most, evidence to support allegations already raised in the previous action. In *Hobley*, the bank's receipt of the deposit supported the previously asserted allegation that the report of plaintiffs' theft was false. *Id.* Here, volunteers' receipt of taxpayer-funded bonuses merely supports the allegations in Civil Action No. 07-2136 that "Defendants engaged in state action and acted under color of state law and acted jointly and in concert with individuals who acted under color of state authority." *Nader*, 07-2136-RMU, Compl. ¶¶ 248, 254.2 Plaintiffs' alleged discovery of new facts that merely support the same nucleus of facts that the Court has already ruled upon does not provide a basis for Plaintiffs to avoid the preclusive effect of the Court's May 27 Opinion and Order.3  *See Hobley*, 2007 U.S. Dist. LEXIS 7203, at *1-2.

Moreover, the timing of Plaintiffs' alleged "discovery" of the volunteers' bonuses in December 2007 does not render the *res judicata* doctrine inapplicable. Plaintiffs cite several cases for the proposition that "[r]es judicata does not bar parties from bringing claims based on

---

2 The Amended Complaint dropped Paragraphs 248 and 254, but retained all of the allegations constituting the nucleus of the claims. *Compare Nader*, 07-2136, Compl. ¶¶ 1 - 243 (Doc. No. 1) *with id.* Am. Compl. ¶¶ 1 - 243 (Doc No. 23) (setting forth identical allegations, paragraph by paragraph). The paragraphs omitted from the Amended Complaint consisted of the § 1983 claims raised again in this action. Clearly Plaintiffs had the opportunity to raise these claims in an earlier action, but simply chose not to do so. *See Apotex v. Food & Drug Admin.*, 393 F.3d 210, 217-18 (D.C. Cir. 2004) (noting that the plaintiff had the opportunity to bring claims in its earlier suit, but "chose not to do so"); *cf. Stanton v. Dist. of Columbia Ct. of App.*, 127 F.3d 72, 79 (D.C. Cir. 1997) (emphasizing that the second litigation addressed events that could not have been covered in the first litigation). Thus, the *res judicata* bar applies.

3 Plaintiffs made a conscious, tactical choice not to pursue § 1983 claims in their earlier action, and they are bound by their tactics. *See Anderson v. Chevron Corp.*, 190 F.R.D. 5, 10-11 (D.D.C. 1999) (holding that, regardless of potentially disastrous results, the plaintiff was bound by the "calculated decision made by ... counsel," which was "clearly a conscious choice made freely in the course of this litigation"); *In re Starr's Estate*, 443 A.2d 533, 540 (D.C. 1982) ("[A]ppellant was bound by her lawyer's representations and legal tactics.").

material facts that were not in existence when they brought the original suit." Pls.' Opp'n at 18 (quoting *Apotex v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004)). All of the cases that Plaintiffs cite refute, rather than support, Plaintiffs' argument regarding the preclusive effect of the Court's May 27, 2008 Order. As the language quoted by Plaintiffs makes clear, the *res judicata* bar may be lifted where a plaintiff could not bring claims because a fact *did not exist* at the time the plaintiff brought the first suit, *not* if a plaintiff merely had not yet discovered the fact. *See Brown*, 541 F. Supp. 2d at 384 (Urbina, J.); *Apotex*, 393 F.3d at 218; *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002); *Stanton*, 127 F.3d at 78-79; *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). Here, although Plaintiffs claim that they did not "discover" until December 2007 that volunteers who challenged the Nader-Camejo nomination allegedly received taxpayer-funded bonuses, the alleged facts *existed* prior to that time. *See* Compl. ¶ 76 (describing e-mail messages from 2004 and 2005 that discussed bonuses). If the Court were to accept Plaintiffs' argument, whenever a litigant could show that it would learn new facts in support of its claim through investigation or discovery, *res judicata* principles would not apply. Presumably, this would always be the case, thus nullifying the doctrine of *res judicata*. Accordingly, the Court should reject Plaintiffs' argument, in keeping with District of Columbia circuit precedent.[4]

### B. Plaintiffs Have Failed to State a Claim Under 42 U.S.C. § 1983.

In addition to the *res judicata* bar, Plaintiffs' inability to state claims upon which they are entitled to relief is grounds to dismiss this action.

---

[4] Plaintiffs suggest that rejecting their argument imposes upon them the requirement to amend their Complaint upon discovery of each new fact. Pls.' Opp'n at 19 (citing *Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 201-02 (D.D.C. 2005)). Plaintiffs mischaracterize the *Velikonja* case. The instant case is precisely the kind of case that the *Velikonja* court described as one where the *res judicata* bar <u>would</u> apply: "involve[ing] a plaintiff attempting to file a second suit based on the same set of facts as relied on in an earlier case while setting forth a different legal theory." *Velikonja*, 355 F. Supp. 2d at 203.

### 1. Plaintiffs Have Failed to Allege a Violation of Their Constitutional Rights.

Plaintiffs cannot establish the existence of § 1983 liability because they cannot establish the first prong for such liability: that they were deprived of a constitutional right. Plaintiffs claim that Defendants violated their First Amendment rights by conspiring "to prevent Mr. Nader and Mr. Camejo from gaining ballot access as qualified candidates, and to deny the Plaintiff-voters the right to vote for them." Pls.' Opp'n at 24. Plaintiffs have not established that they had a "constitutional right" to appear on the ballot. *See, e.g., Clements v. Fashing*, 457 U.S. 957, 963 (1982) (finding there is no "fundamental right" to run for office); *Turner v. Fouche*, 396 U.S. 346, 362-63 (1970).

First, the Supreme Court has held that ballots do not primarily serve as First Amendment forums for political expression. *See Washington State Grange v. Washington State Republican Party*, 128 S.Ct. 1184, 1193 n.7 (Mar. 18, 2008). Therefore, Plaintiffs did not have a constitutional right to express themselves by having Nader-Camejo on the ballot in 2004. Second, the Supreme Court has found consistently that a state has the right to impose procedural requirements on candidates before they may qualify for a place on the ballot. *See, e.g., Term Limits, Inc. v. Thornton*, 514 U.S. 779, 835 (1995); *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983); *Storer v. Brown*, 415 U.S. 724, 729-36 (1974); *Am. Party of Texas v. White*, 415 U.S. 767, 779-88 (1974); *Jenness v. Fortson*, 403 U.S. 431, 442 (1971). Accordingly, because Nader-Camejo did not qualify for the ballot in particular states, Plaintiffs had no right for Nader-Camejo to appear on the ballot in those states.

Rather than confront the case law that clearly holds that they have no constitutional right to appear on the ballot, Plaintiffs attempt to create the illusion that they are entitled to be on the ballot by sprinkling their opposition with language from factually distinct cases about how states

cannot infringe on the associational rights of minorities and dissident groups. *See* Pls.' Opp'n at 23-24. However, Plaintiffs cannot point to a single case that stands for the proposition that a minority or dissident group has a constitutional right to appear on the ballot. Because Plaintiffs cannot establish a violation of their constitutional rights, their § 1983 claims must fail.[5]

### 2. Plaintiffs Fail to Allege Facts Supporting "State Action."

Even if Plaintiffs could successfully establish a violation of their constitutional rights, they have not sufficiently pled "state action" to support § 1983 liability. Plaintiffs' claim of "state action" rests entirely on their allegation that Reed Smith worked "in cooperation with" Pennsylvania legislative aides that volunteered to assist with the Nader-Camejo ballot challenges, and that those aides received taxpayer-funded bonuses. *See, e.g.*, Compl. ¶¶ 75-76. Plaintiffs have failed to allege, however, that these state employees were (1) performing an official duty, (2) acting pursuant to state authority, or (3) exercising powers traditionally reserved exclusively to the State. Such allegations are required to support a claim that the employees' acts were under the color of law, and therefore state action. *See West v. Atkins*, 487 U.S. 42, 5 (1988); *Ceasar v. CBS Headquarters Co.*, No. 06-2140 (PLF), 2008 WL 313146 (D.D.C. Feb. 4, 2008) (citation omitted); *Maniaci v. Georgetown University*, 510 F. Supp. 2d 50, 68 (D.D.C. 2007).

The Supreme Court has made it clear that the purely personal pursuits of state employees do not come within the ambit of state action for purposes of § 1983 liability. *See Screws v. U.S.*,

---

[5] Plaintiffs make a myriad of vague allegations regarding alleged machinations on the part of the "conspirators" to intimidate, harass and sabotage Nader-Camejo's effort to satisfy state ballot requirements and create evidence for their ballot access challenges. While Plaintiffs' allegations fail to indicate who was allegedly participating in these activities, even if they are to be taken as true, they do not arise to the level of a constitutional violation. At best, they may reflect violations of state law – such as the violations asserted in the malicious prosecution and abuse of process claims that this Court already dismissed in Plaintiffs' companion case.

325 U.S. 91, 111 (1945) (plurality opinion). Therefore, Plaintiffs have failed to establish that the private acts of state employees in allegedly aiding Reed Smith in the Pennsylvania litigation qualify as "state action."[6] Having failed to establish the existence of state action, Plaintiffs' cannot state a claim for liability under §1983.

### C. Plaintiffs Have Failed to State a Conspiracy Claim Against Reed Smith.

Plaintiffs have failed to state a claim for conspiracy against Reed Smith under 42 U.S.C. § 1985(3). In particular, Plaintiffs continue to rely on their assertion of a general nationwide conspiracy that was formed at a meeting "at the Four Seasons Hotel in Boston." Pls.' Opp'n at 29. Plaintiffs have failed, however, to allege that any individual from Reed Smith attended this meeting or in any way entered into an agreement to participate in this alleged conspiracy.

Instead, Plaintiffs rely on the fact that Reed Smith represented Teresa Heinz Kerry and the DNC on unrelated matters as "evidence" of Reed Smith's agreement and participation in this nationwide conspiracy. Plaintiffs' allegations are insufficient to survive a motion to dismiss. First, Plaintiffs must set forth facts inconsistent with lawful, non-conspiratorial explanations for the actions of an alleged conspirator in order to survive a motion to dismiss. *See Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-67 (2007). The actions of Reed Smith upon which Plaintiffs rely to support their claims are certainly consistent with the lawful, non-conspiratorial duty to zealously represent its clients in the Pennsylvania litigation that successfully challenged the Nader-Camejo nomination papers. Second, an attorney cannot conspire with his client when he is acting within the scope of his employment and not "for the attorney's sole personal benefit."

---

[6] Plaintiffs devote a great deal of energy alleging the existence of improper ties between Reed Smith and members of the Pennsylvania Supreme Court. However, these alleged "improprieties" do little to support Plaintiffs' claims of state action because Plaintiffs have not alleged that an official act of one or more judges was "the product of a corrupt conspiracy." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Because Plaintiffs are unable to allege the existence of such a conspiracy between Pennsylvania Supreme Court judges and Reed Smith, these allegations are irrelevant to their § 1983 claim.

*Goldschmidt v. Paley Rothman Goldstein Rosenberg & Cooper, Chartered*, 935 A.2d 362, 381 (D.C. 2007) (quoting *Fraidin v. Weitzman,* 611 A.2d 1046, 1079-80 (Md. App. 1992)). Plaintiffs cannot allege that Reed Smith acted outside the scope of its employment. Plaintiffs' speculation that Reed Smith was motivated to seek costs against Nader because of the firm's representation of the DNC and Mrs. Kerry is insufficient to support a claim of the existence of a conspiracy. *Id.* (noting the difference between "mere speculation and legitimate inference"). Finally, even if a client of Reed Smith was involved in a conspiracy – which Reed Smith does not concede – any conspiratorial conduct cannot be imputed to the law firm because it was acting as an agent for its client. *See Fraiden*, 611 A.2d at 1079, *cited in Fischer v. Flax*, 816 A.2d 1, 5 (D.C. 2003). Therefore, Plaintiffs' claim of conspiracy against Reed Smith fails as a matter of law.

### D. The *Noerr-Pennington* Doctrine Bars Liability Against Defendants for Their First Amendment Activities.

Even if Plaintiffs could establish a claim for conspiracy against Reed Smith, this Court's application of the *Noerr-Pennington* doctrine bars Plaintiffs' claims. The Court held in its May 27 Opinion that the *Noerr-Pennington* doctrine provides immunity to Defendants for their First Amendment activities in filing "good-faith lawsuits" challenging the Nader-Camejo nomination papers. *See Nader v. Democratic National Committee*, No. 07-2136-RMU, slip op. at 22-28. This applies equally to Plaintiffs' federal claims. The Court should apply principles of collateral estoppel to preclude re-litigation of the application of the *Noerr-Pennington* doctrine. It is of no consequence that this Court has not considered Plaintiffs' § 1983 claims on the merits, because the Court has already considered the operative nucleus of facts giving rise to the claim and found that the *Noerr-Pennington* doctrine applies to Defendants' activities. Therefore, Plaintiffs are barred by the doctrine of issue preclusion from re-litigating whether the *Noerr-Pennington*

doctrine applies to Defendants' First Amendment activities.

Courts have held consistently that the *Noerr-Pennington* doctrine is an applicable defense to causes of action arising under 42 U.S.C. §1983. *See, e.g., Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 160-61 (3d Cir. 2001) (recognizing *Noerr-Pennington* immunity as a defense to causes of action arising under federal civil rights law); *Eaton v. Newport Bd. of Educ.*, 975 F.2d 292, 299 (6th Cir. 1992) (holding defendants immune under *Noerr-Pennington* for § 1983 liability); *Video Int'l Prod., Inc. v. Warner-Amex Cable Comms., Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988) (same); *Stevens v. Tillman*, 855 F.2d 394, 404-05 (7th Cir. 1988) (noting applicability of *Noerr-Pennington* as defense to § 1983 claims, but finding for defendant on other grounds).

Because the *Noerr-Pennington* doctrine applies to Defendants' activities, Plaintiffs must prove that the "sham" exception to the *Noerr-Pennington* doctrine would apply to Defendants' ballot access challenges.[7] This Court has already held that Plaintiffs cannot meet the necessary burden to invoke the "sham" exception because Plaintiffs have failed to submit a sufficient motive to show that Defendants "harbored a motive to subvert the legal process for wrongful ends." *Nader*, No. 07-2136-RMU, slip op. at 25. While Plaintiffs continue to argue strenuously in this case that Defendants were acting with the self-serving intent to prevent Nader from competing with John Kerry in the 2004 presidential election, this Court has already held that "the First Amendment cannot be abrogated simply by alleging that one's political opponent turned to

---

[7] Plaintiffs suggest that the Court's consideration of the *Noerr-Pennington* doctrine is different in this case because the Court "expressly reserved judgment on Plaintiff's allegations that Defendants orchestrated campaigns of harassment, intimidation, and sabotage…" Pls.' Opp'n at 21 (citing *Nader*, No. 07-2136-RMU, slip op. at 31 n.19). As noted *supra* section I.A.1, Defendants understand the purpose of footnote 19 to be that the Court ignored these allegations in the previous case because Plaintiffs failed to raise these allegations in the context of any specific underlying tort. In this case, Plaintiffs have done nothing further to illuminate these allegations and demonstrate how they would apply to prove that Defendants' protected First Amendment activities were a "sham."

the judicial process for partisan motives." *Id.* (citing *United States v. Am. Tel. & Tel. Co.*, 524 F.Supp. 1336, 1364 (D.D.C. 1981); *Westmac, Inc. v. Smith*, 797 F.2d 313, 317 (6th Cir. 1986)). Therefore, the Court should defer to its previous ruling on these facts and find that Defendants are immune from liability in the instant action under the *Noerr-Pennington* doctrine. *See Thomas v. Powell*, 247 F.3d 260, 262-63 (D.C. Cir. 2001).

E.   **The Statute of Limitations Bars Plaintiffs' Claims.**

Contrary to Plaintiffs' assertions, their claims are time-barred. Plaintiffs' claims are all based on alleged injuries from the 2004 presidential election campaign that accrued outside the three-year statute of limitations. *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577 n.1 (D.C. Cir. 1998).

Plaintiffs assert that their § 1983 claims are not time-barred because this "Court has already held… that dismissal of Plaintiffs' claims on the ground that they are barred by the statute of limitations would be improper." Pls.' Opp'n at 30 (citing *Nader* No. 07-2136-RMU, slip op. at 30). There are two major problems with Plaintiffs' assertion. First, the Court never made a specific holding regarding the applicability of the statute of limitations to Plaintiffs' state law claims because Plaintiffs' claims were dismissed on other grounds. Second, any calculation of the statute of limitations period in the previous action is irrelevant to this case because Plaintiffs did not file this action until April 4, 2008 – *more than four months* after they filed their state law complaint and *more than three years* after the United States Supreme Court denied the Nader-Camejo campaign's petition for writ of certiorari in the underlying litigation. *See In re Nader*, 543 U.S. 1052 (January 10, 2005).

Furthermore, Plaintiffs cannot elude the statute of limitations bar by asserting that their claims are based on evidence "newly discovered no earlier than December 2007." Pls.' Opp'n at

30. As D.C. courts have made clear, when the discovery rule applies for purposes of calculating the statute of limitations, a cause of action accrues "when the claimant knows or by the exercise of reasonable diligence should know of (1) the injury, (2) its cause in fact, and (3) *some evidence of wrongdoing*." *Doe v. Medlantic Health Care Group, Inc.*, 814 A.2d 939, 945 (D.C. 2003) (citing *Bussineau v. President & Dirs. of Georgetown College*, 518 A.2d 423, 435 (D.C. 1986)). Plaintiffs need only be on inquiry notice of the existence of a cause of action for the limitations period to begin running. *Id. (citing Hendel v. World Plan Exec. Council*, 705 A.2d 656, 661 (D.C. 1997)).

As discussed above, the discovery of new evidence does not create a new cause of action. *See supra* Section I.A.2.  Here, Plaintiffs were clearly on notice that they had a potential cause of action for § 1983 claims against Defendants prior to December 2007; in fact they initially filed a § 1983 claim in their original complaint in the D.C. Superior Court.  To accept Plaintiffs' interpretation, the Court would have to find that the statute of limitations clock would begin running anew each time a party found new evidence to support their claim during the course of discovery.  Clearly, this is not what is intended by the discovery rule.  Therefore, Plaintiffs' claims are time-barred.

F. **Applicable Legal Standards Require Dismissal of the Complaint.**

The facts alleged in the Complaint – even if assumed to be true for purposes of the motion to dismiss – do not sufficiently state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Although the Court must accept as true the well-pleaded facts contained in the Complaint, the Court should not accept conclusory allegations. For example, Plaintiffs allege that Reed Smith "committed a fraud," "conspired… to bankrupt the 2004 independent presidential campaign," "wrongfully obtained [a] fraudulently induced judgment," "conspired to

and did in fact… engage in other unlawful conduct," "violat[ed] their constitutional rights," and "conspired… to deny Plaintiff-voters… the choice of voting for [Nader-Camejo]." *See, e.g.,* Pls.' Opp'n at 10-14 (citing Compl. ¶¶ 1, 12, 63, 67, 101, 102). None of these are factual allegations. *See Herbin v. Hoeffel*, 806 A.2d 186, 196 (D.C. Cir. 2002) (holding that conclusory allegations do not meet the requirement of factual support). Plaintiffs' recitation of these conclusory allegations is inadequate to withstand Reed Smith's motion to dismiss. *See Newborn v. Yahoo, Inc.*, 391 F. Supp. 2d 181, 185 (D.D.C. 2005) (holding that conclusory allegations are insufficient to survive a motion to dismiss).

Further, Plaintiffs' repeated argument that there are "questions of fact" is not relevant to the Court's consideration of Reed Smith's motion to dismiss. *See* Pls.' Opp'n at 9, 10, 12, 13, 14. Indeed, Plaintiffs attach to their Opposition an affidavit and supporting exhibits that have no bearing on Defendants' dismissal arguments, and which are not referenced in the Complaint. These submissions are inappropriate in response to a motion to dismiss, and they cannot save the deficient pleading. Reed Smith respectfully requests that the Court exclude these matters that are outside of the pleadings pursuant to Rule 12(d). *See* Fed. R. Civ. P. 12(d) (requiring treatment of a 12(b)(6) motion as a motion for summary judgment if the Court does not exclude matters presented outside the pleadings). The Court should reject Plaintiffs' attempt to have the Court skip to a summary judgment review to ignore the Complaint's deficiencies.

## II. CONCLUSION

For the foregoing reasons, the court should grant Defendant Reed Smith's motion to dismiss this action.

DATED July 7, 2008.

Respectfully submitted,

REED SMITH LLP

_____/s/_____
Douglas K. Spaulding
D.C. Bar No. 936948
Lasagne A. Wilhite
D.C. Bar No. 475438
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
Telephone: 202.414.9200
Facsimile: 202.414.9299

*Counsel for Defendant Reed Smith*

Respectfully submitted,

REED SMITH LLP

_____/s/_____
Douglas K. Spaulding
D.C. Bar No. 936948
Lasagne A. Wilhite
D.C. Bar No. 475438
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
Telephone: 202.414.9200
Facsimile: 202.414.9299

*Counsel for Defendant Reed Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I electronically filed Defendant Reed Smith's Reply in Support of Its Motion to Dismiss with the Clerk of the Court by using the Court's CM/ECF system, which will cause copies of the foregoing to be served upon the following parties:

Oliver B. Hall, Esq.
1835 16th Street, N.W.
Washington, DC 20009

*Counsel for Plaintiffs Ralph Nader, Peter Miguel Camejo, D.B. Fanning, C.K. Ireland, Julie Coyle, Herman Blankenship, Lloyd Marbet and Gregory Kafoury*


Joseph E. Sandler, Esq.
John Hardin Young, Esq.
Sandler, Reiff & Young
50 E Street, S.E., #300
Washington, DC 20003

*Counsel for Defendant The Democratic National Committee*


Mark E. Elias, Esq.
Perkins Coie
607 14th Street, N.W.
Washington, DC 20005

*Counsel for Defendants John Kerry and Kerry-Edwards 2004, Inc.*


                                                      /s/
                                      Lasagne A. Wilhite