UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          :
Ralph Nader, et al.                       :
     v.                                   :     Civ. No. 1:08-cv-00589-RMU
Democratic National Committee,            :     Reply Memorandum
           et al.                         :
_____:

# DEFENDANT DEMOCRATIC NATIONAL COMMITTEE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

The Amended Complaint does not allege facts that constitute violations of Plaintiffs constitutional rights nor that the Defendants acted under color of state law. The Democratic National Committee ("DNC") and the other Defendants have described in detail the errors in the Plaintiffs' arguments in the Defendants' opening memoranda in support of their motions to dismiss the Complaint and the Amended Complaint in this case, as well as Defendants' reply memoranda, and in their motions and supporting memoranda in *Nader v. McAuliffe,* Civ. No. 1:08-cv-00428-RMU, which are incorporated by reference.

In short, the Plaintiffs allege that the DNC and others "conspired to prevent them from participating as *qualified* candidates and voters in a federal election" in violation their First Amendment rights. Plaintiffs' Memorandum, Document No. 27 ("P. Mem.") at 30 (emphasis in original). The only actions by the alleged co-conspirators, which are the cause of the Plaintiffs' alleged First Amendment claims, are the filing of challenges to the candidates' ballot access

petitions in the 2004 Presidential election that resulted in the disqualification of the petitions.[1] As previously explained, filing such petitions is not a First Amendment violation – indeed it is a right protected by the First Amendment. *Nader v. Democratic National Committee,* No. 1:07-cv-02136-RMU, Document 54 (D.D.C. Order filed May 27, 2008) ("Opinion") at 22-23 (describing the *Noerr-Pennington* doctrine). Nevertheless, Plaintiffs assert that Mr. Nader and Mr. Camejo were *qualified* candidates who were denied their position on the state ballots because the Defendants and co-conspirators prevented them from complying with state election laws and manufactured baseless legal claims. *Id.* at 29. In order to entertain these allegations, this Court would have to reverse the decisions of the state courts that found that Mr. Nader and Mr. Camejo were *not qualified* to be on their state ballots. As previously explained by this Court, review of the state court ballot access decisions is not within this Court's jurisdiction. Opinion at 15-20 (describing the *Rooker-Feldman* doctrine). Thus, the Amended Complaint, like the original filing, fails to allege a constitutional violation.

Not only does the Amended Complaint fail to allege a Constitutional violation, it also fails to allege any state action.[2] First, it is noteworthy that, in response to the Defendants' motions to dismiss, the Plaintiffs' response abandoned all allegations of state action except in Pennsylvania. Thus, the alleged 42 U.S.C. § 1983 violation is confined to one state. Second, the so-called new allegations of Pennsylvania state employees allegedly participating in the ballot access cases are not new. At best, the so-called new information that a Grand Jury

---

[1] The allegations of state civil claims and judicial ethical violations are irrelevant to the First Amendment claims. But even if they were relevant, they have already been rejected by this Court. *See* this Court's Opinion in *Nader v. Democratic National Committee,* No. 1:07-cv-02136-RMU, Document 54 (D.D.C. Order filed May 27, 2008) ("Opinion"). In addition, allegations of state court judicial misconduct outside of the District of Columbia are not within this Court's jurisdiction.

[2] Actions by the judiciary are not state actions within the meaning of 42 U.S.C. § 1983.

Presentment was filed making the same allegation serves merely, as the Plaintiffs themselves admit, to reassert the original allegations.  P. Mem. at 31.  Third, as described in the DNC's Reply Memorandum in this case at 5-8, even if there were activities by state employees paid by the state, that does not create state action as to the DNC unless "the alleged infringement of federal rights [is] 'fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *Daskalea v. Wash. Humane Soc'y*, 480 F. Supp. 2d 16, 26 (D.D.C. 2007).  Stated another way with respect to the question of whether a state employee is acting in his or her individual capacity or as an employee of the state, "it is relevant to examine . . . , whether the actor is performing a traditional governmental function, and whether the injury caused is aggravated in a unique way by the incidents of governmental authority." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 621-22 (1991) (citations omitted).  In short, the allegation that the state employees were acting *illegally* if they received payment for participating in the Pennsylvania ballot access litigation belies any action "fairly attributable to the state." *Lugar*, 457 U.S. at 937.  Therefore, neither the original nor the amended Complaints allege any state action.

In view of the above, the Plaintiffs have not alleged either of the elements of a violation of 42 U.S.C. § 1983 – a constitutional violation and state action – and, thus, the Amended Complaint should be dismissed.

August 20, 2008                                            Respectfully submitted,

                                                                  _____/s/_____
                                                                  Joseph E. Sandler,
                                                                  D.C. Bar No. 255919
                                                                  John Hardin Young
                                                                  D.C. Bar No. 190553
                                                                  Stephen E. Hershkowitz
                                                                  D.C. Bar No. 282947
                                                                  Elizabeth F. Getman

SANDLER, REIFF & YOUNG, P.C.
300 M Street, S.E., Suite 1102
Washington, D.C. 20003
(202) 479-1111
(202) 479-1115 (facsimile)
young@sandlerreiff.com