UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RALPH NADER *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 08-0589 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 9, 10, 13, 24, 25, 26 |
| | : | | |
| THE DEMOCRATIC NATIONAL COMMITTEE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

DENYING AS MOOT THE DEFENDANTS' MOTIONS TO DISMISS THE PLAINTIFFS' COMPLAINT;
GRANTING THE DEFENDANTS' MOTIONS TO DISMISS THE PLAINTIFFS' AMENDED COMPLAINT

### I. INTRODUCTION

This matter is before the court on the defendants' motions to dismiss the plaintiffs' original complaint and the defendants' motions to dismiss the plaintiffs' amended complaint. The plaintiffs – the 2004 presidential hopeful Ralph Nader, his running mate Peter Camejo and six voters who supported the Nader-Camejo 2004 ticket – have brought suit against the Democratic National Committee ("DNC"), Kerry-Edwards 2004 Inc. ("Kerry-Edwards"), John Kerry and Reed Smith, LLP, alleging violations of the United States Constitution and 42 U.S.C. § 1983. In support of their motions to dismiss the amended complaint, the defendants point to a May 27, 2008, memorandum opinion and order in which this court, addressing claims arising out of the same set of events and brought by the same plaintiffs against the same defendants as the instant action, granted the defendants' motions to dismiss. The defendants contend, *inter alia*, that the May 27, 2008 decision is res judicata as to the claims and issues presented in this action. The plaintiffs, however, argue that the elements required for claim preclusion and issue

preclusion have not been satisfied here. In light of the filing of the amended complaint, the court denies as moot the defendants' motions to dismiss the plaintiffs' original complaint. And because the court determines that the May 27, 2008 decision precludes the plaintiffs' claims in this action, it grants the defendants' motions to dismiss the amended complaint.

## II. FACTUAL & PROCEDURAL BACKGROUND

As the facts giving rise to the plaintiffs' claims have been set forth in prior opinions, the court will not restate them in exhaustive detail here. *See Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d 137, 144-46 (D.D.C. 2008); *Nader v. McAuliffe*, 549 F. Supp. 2d 760, 761-62 (E.D. Va. 2008). Following Nader's unsuccessful presidential bid in 2004, the plaintiffs instituted a flurry of litigation alleging that the defendants conspired to "launch a massive, nationwide unlawful assault on [Mr. Nader's] candidacy, using unfounded litigation to harass, obstruct and drain his campaign of resources, deny him ballot access and effectively prevent him from running for public office." Am. Compl. ¶ 1. Specifically, the plaintiffs filed suit in the Superior Court of the District of Columbia alleging conspiracy, abuse of process, malicious prosecution and violations of 42 U.S.C. § 1983 and the Constitution. The defendants[1]

---

[1] The defendants in the D.C. Superior Court action were the same four defendants as in the instant action – the Democratic National Committee ("DNC"), Kerry-Edwards 2004, John Kerry and Reed Smith LLP – as well as DNC attorney Jack Corrigan, DNC consultant Robert Brandon, DNC Vice Chair Mark Brewer, The Ballot Project, The Ballot Project's president Toby Moffett, The Ballot Project's director Elizabeth Holtzman, America Coming Together ("ACT") and the Service Employees International Union ("SEIU"). *See* Am. Compl., *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d 137 (D.D.C. 2008) (No. 07-2136). While Mr. Corrigan, Mr. Brandon, Mr. Brewer, The Ballot Project, Mr. Moffett, Ms. Holtzman, ACT and the SEIU are not defendants in the instant action, they are named as "non-defendant co-conspirators" in the amended complaint. Am. Compl. ¶¶ 31-38.

later removed that action from the D.C. Superior Court to this court, where it was docketed as Civil Action No. 07-2136.  The plaintiffs then amended their complaint and removed the federal claims, leaving only the allegations of conspiracy, abuse of process and malicious prosecution. On May 23, 2008, the court dismissed Civil Action No. 07-2136, determining that it lacked jurisdiction to consider the plaintiffs' malicious prosecution claims that directly attacked prior state court judgments, and that the First Amendment barred the plaintiffs' remaining claims. *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d at 145.

The day after the plaintiffs filed suit in the D.C. Superior Court, they filed a nearly identical suit against Terry McAuliffe, former chair of the DNC, and Steven Raikin, director of The Ballot Project, in the United States District Court for the Eastern District of Virginia. *Compare* Compl., *Nader v. McAuliffe*, No. 08-0428, *with* Compl., *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d at 137 (No. 07-2136).  That action was later transferred from the Eastern District of Virginia to this court and docketed as Civil Action No. 08-0428.  Finally, after this court dismissed the plaintiffs' amended complaint in Civil Action No. 07-2136, the plaintiffs filed the instant action in this court on April 4, 2008, alleging conspiracy and violations of 42 U.S.C. § 1983 and the Constitution.

On June 5, 2008, defendants Kerry-Edwards, John Kerry and the Democratic National Committee filed motions to dismiss the complaint.  Defendant Reed Smith, LLP's motion to dismiss followed on June 6, 2008.  The plaintiffs amended their complaint on July 21, 2008,[2] *see*

---

[2]   Because the plaintiffs filed an amended complaint after the defendants moved to dismiss the original complaint, the court denies as moot the defendants' motions to dismiss the original complaint.  *See P & V Enters. v. U.S. Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 135 n.1 (D.D.C. 2006).

Am. Compl., and the defendants then moved to dismiss the amended complaint, asserting that the court's dismissal of Civil Action No. 07-2136 is res judicata as to the claims and issues presented here,[3] *see* Kerry Mot. to Dismiss Am. Compl. ("Kerry Mot. to Dismiss") at 5-9; Reed Smith Mot. to Dismiss Am. Compl. ("Reed Smith Mot. to Dismiss") at 8-9.  The defendants also aver that the plaintiffs have failed to state a conspiracy claim, Kerry Mot. to Dismiss at 16-17; Reed Smith Mot. to Dismiss at 9-14, that the defendants are immune from suit, Kerry Mot. to Dismiss at 10-11; Reed Smith Mot. to Dismiss at 14-17, that the plaintiffs fail to state a claim for violation of constitutional rights, Kerry Mot. to Dismiss at 12-13; Reed Smith Mot. to Dismiss at 17-20, that the defendants did not act under color of state law, Kerry Mot. to Dismiss at 13-16; Reed Smith Mot. to Dismiss at 21-23, and that the plaintiffs' claims are time-barred, Kerry Mot. to Dismiss at 17-18; Reed Smith Mot. to Dismiss at 23-24.  The plaintiffs oppose the defendants' motions to dismiss on each of these grounds.  *See generally* Pls.' Opp'n to Defs.' Mots. to Dismiss ("Pls.' Opp'n").  The court now turns to the parties' arguments concerning the res judicata doctrine.

---

[3] Although the defendants filed separate motions to dismiss, all of the motions articulate generally the same arguments.  More specifically, defendant Reed Smith filed a motion to dismiss, *see* Reed Smith Mot. to Dismiss Am. Compl., defendant DNC filed a motion to dismiss incorporating by reference Reed Smith's motion to dismiss, *see* DNC Mot. to Dismiss Am. Compl., and defendants Kerry-Edwards 2004 and John Kerry filed a joint motion to dismiss relaying the same arguments as those raised in defendant Reed Smith's motion to dismiss, *see* Kerry Mot. to Dismiss Am. Compl.  Accordingly, the court will address all defendants' motions jointly.

### III.  ANALYSIS

### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims").  While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations."  *Twombly*, 127 S. Ct. at 1964,

1966.  In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.  The court's resolution of a Rule 12(b)(6) motion represents a ruling on the merits with res judicata effect.  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

### B.  Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues."  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants.  *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).  Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94). In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

### C. The Res Judicata Doctrine Bars the Plaintiffs' Claims

The defendants first contend that res judicata bars the plaintiffs' claims because they arise from the same nucleus of facts as the state law claims that the court dismissed in Civil Action No. 07-2136. Kerry Mot. to Dismiss at 6-8; Reed Smith Mot. to Dismiss at 8-9. The defendants also assert that the plaintiffs could have raised the instant claims in Civil Action No. 07-2136; in fact, they note that the original complaint in Civil Action No. 07-2136 *did* contain the claims now contained in this action, but for strategic reasons, the plaintiffs amended that complaint to delete them. Kerry Mot. to Dismiss at 9; Reed Smith Mot. to Dismiss at 9.

The plaintiffs oppose the defendants' motions, arguing first that res judicata is an affirmative defense that generally must be raised in a defendant's answer, not in a motion to dismiss. Pls.' Opp'n at 22. Recognizing that res judicata has been successfully raised in motions to dismiss in cases in which "all relevant facts are shown by the court's own records," the plaintiffs assert that the court's records here lack "a key 'relevant fact' [necessary to the res judicata analysis] . . . namely, the existence of a final judgment." The plaintiffs allege that

because the order dismissing Civil Action No. 07-2136 is pending on appeal, it is not a final judgment and, consequently, cannot give rise to an affirmative defense of res judicata in a motion to dismiss. *Id*. The plaintiffs also contend that res judicata does not bar the instant complaint because it rests on facts that did not yet exist when the plaintiffs filed the complaint in Civil Action No. 07-2136. Specifically, the plaintiffs note that their claims here rely on "the [July 2008] criminal indictment [in Pennsylvania state court] of as many as 12 state employees who participated in Defendants' conspiracy," which the plaintiffs could not have raised when they instituted Civil Action No. 07-2136 in late 2007. *Id*. at 22-23.

In response, the defendants refute the plaintiffs' assertion that the May 2008 order cannot support res judicata because it is pending on appeal. Kerry Reply to Pls.' Opp'n ("Kerry Reply") at 2; Reed Smith Reply to Pls.' Opp'n ("Reed Smith Reply") at 3-4. "[T]he pendency of an appeal," the defendants declare, "does not suspend the operation of a final judgment for purposes of claim or issue preclusion." Reed Smith Reply at 3-4. In addition, the defendants dispute the plaintiffs' contention that the July 2008 grand jury presentment defeats the defendants' res judicata argument. Kerry Reply at 3-5; Reed Smith Reply at 2-3. They argue that because all of the underlying facts alleged in the presentment existed before the plaintiffs instituted Civil Action No. 07-2136, the plaintiffs could have alleged them in Civil Action No. 07-2136. Kerry Reply at 4-5; Reed Smith Reply at 2-3. In other words, "[a]lthough the Presentment document is 'new,' the facts it sets forth are not." Reed Smith Reply at 2. The court now addresses each of these arguments in turn.

As a preliminary matter, the court must address the plaintiffs' assertion that a motion to dismiss is not the proper vehicle for raising the defendants' res judicata argument. Res judicata

is an affirmative defense that is generally pleaded in a defendant's answer, but courts have also allowed parties to assert it in a Rule 12(b)(6) motion to dismiss. *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 76-77 (D.C. Cir. 1997). Res judicata may be asserted in a motion to dismiss when "all relevant facts are shown by the court's own records, of which the court takes notice." *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008) (citing *Evans v. Chase Manhattan Mortgage Corp.*, 2007 WL 902306, at *1 (D.D.C. Mar. 23, 2007)). Here, the defendants' res judicata arguments rest on the court's May 27, 2008, order dismissing Civil Action No. 07-2136. Contrary to the plaintiffs' assertions, that order is "final" for res judicata purposes even though it is pending on appeal. *Nat'l Post Office Mail Handlers v. Am. Postal Workers Union*, 907 F.2d 190, 192 (D.C. Cir. 1990); *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983) (observing that "[u]nder well-settled federal law, the pendency of an appeal does not diminish the res judicata effect of a judgment rendered by a federal court"). As a result, the defendants' res judicata arguments are properly brought in their motions to dismiss.

Next, the court must determine whether the instant claims "were or could have been raised in" Civil Action No. 07-2136. *See Drake*, 291 F.3d at 66. As the defendants correctly point out, the claims brought in the instant action were, in fact, raised in Civil Action No. 07-2163 before the plaintiffs voluntarily withdrew them. *See* Compl., *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d at 137 (No. 07-2136). But even were this not the case, the court would still readily conclude that these claims could have been raised in Civil Action No. 07-2136 because the two cases are based on the same cause of action; that is, they "share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir.1984)). Specifically, the federal claims contained in the amended complaint and the

state law claims asserted in Civil Action No. 07-2136 stem from the defendants' alleged conspiracy, described identically in both complaints, to "launch a massive, nationwide unlawful assault on [Mr. Nader's] candidacy, using unfounded litigation to harass, obstruct and drain his campaign of resources, deny him ballot access and effectively prevent him from running for public office."  Am. Compl. ¶ 1; Am. Compl. ¶ 1, *Nader v. Democratic Nat'l Comm.*, 555 F. Supp. 2d at 137 (No. 07-2136).

The fact that the plaintiffs' amended complaint mentions the Pennsylvania grand jury presentment does not alter this result.  The presentment, which the grand jury issued "in furtherance of its ongoing investigation of the Pennsylvania Legislature," charges former Pennsylvania State Representative Mike Veon, as well as ten staffers who worked for Representative Veon and the Pennsylvania House Democratic Caucus, with participation in a "concerted plan to use taxpayer funds, employees and resources for political campaign purposes."  Am. Compl., Ex. A at 1, 73-75.  The presentment targets the Pennsylvania state legislature; it charges none of the defendants in the instant action.  *Id*.  Further, because the conduct alleged in the presentment occurred between 2004 and 2007, the plaintiffs could have raised those allegations when they instituted Civil Action No. 07-2136 on October 30, 2007.  *See generally id.*  The res judicata doctrine, therefore, bars the instant claims.  *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) (noting that "[u]nder res judicata, upon a final judgment on the merits parties to a suit are barred, as to every matter that was offered and received to sustain or defeat a cause of action, as well as to any other matter that the parties had a full and fair opportunity to

offer for that purpose." As a result, the court's dismissal of Civil Action No. 07-2136 precludes the instant claims.[4]

## IV.  CONCLUSION

For the foregoing reasons, the court denies as moot the defendants' motions to dismiss the plaintiffs' complaint and grants the defendants' motions to dismiss the plaintiffs' amended complaint. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of December, 2008.

RICARDO M. URBINA
United States District Judge

---

[4]  Because the court determines that its decision to dismiss Civil Action No. 07-2136 precludes the plaintiffs' claims in this action, it grants the defendants' motions to dismiss on res judicata grounds and has no need to reach the defendants' other arguments.